IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEXTER STURGEON, JR., | § | |
| TDCJ No. 1650438, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:22-cv-2689-D-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Dexter Sturgeon, a Texas prisoner, convicted of aggravated sexual assault of a child younger than 14 by a state court in this district, *see State v. Sturgeon*, Nos. F09-32977 & -32976 (265th Jud. Dist. Ct., Dall. Cnty., Tex.), *aff'd*, Nos. 05-10-00672-CR & -00673-CR, 2011 WL 5042087 (Tex. App. – Dallas Oct. 25, 2011, pet ref'd), submitted a *pro se* filing addressed "to whom it may concern" [Dkt. No. 2], which the Clerk of Court considered to be a civil rights complaint.

This action was opened. And Senior United States District Judge Sidney A. Fitzwater referred it to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Upon review of Sturgeon's filing, the undersigned finds that it should be construed as seeking habeas relief insofar as Sturgeon attacks his underlying state convictions by asserting that witnesses against him committed perjury. *See, e.g.*, Dkt. No. 2 at 6 ("Somebody there at the Court seriously needs to read my case trial court records because perjury was committed by 3 people." (cleaned up)); *see also Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) ("Both 28 U.S.C. § 2254 and 42 U.S.C. § 1983 offer relief to those improperly confined by the government. Which statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas." (footnotes omitted)).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, because Sturgeon's construed Section 2254 petition is unauthorized as successive and considering his prior federal-habeas challenge to these convictions, the Court should dismiss the current application without prejudice.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's

sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

To the extent that Sturgeon, through this action, again attacks his Dallas County convictions, he previously exercised his "one fair opportunity to seek federal habeas relief from [these] conviction[s]," *Banister*, 140 S. Ct. at 1702; *see Sturgeon v. Davis*, No. 3:17-cv-3365-G-BN, 2018 WL 1721941 (N.D. Tex. Mar. 21, 2018), *rec. accepted*, 2018 WL 1718076 (N.D. Tex. Apr. 9, 2018), and his current claims allege defects in the convictions that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Sturgeon when he filed an initial Section 2254 application, *Leal Garcia*, 573 F.3d at 222. *Accord In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam).

Sturgeon therefore presents claims that are successive.

And his failure to first obtain authorization from the court of appeals under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the current habeas application. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

The Court could cure this want of jurisdiction by transferring this construed application to the United States Court of Appeals for the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But, given the current confusing filing and Sturgeon's established history of frivolous filings, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003).

## Recommendation

The Court should dismiss the construed *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to Dexter Sturgeon's right to file, under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 2, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE